*In re* LAYING OUT PUBLIC HIGHWAY IN ELBA TOWNSHIP.

WOOD *v.* TOWNSHIP OF ELBA.

1. EMINENT DOMAIN—SPECIAL PROCEEDINGS—REFUSAL TO GIVE REQUESTS TO CHARGE NOT REVERSIBLE ERROR.

Since proceedings to condemn lands for a public highway are special, and the case might have been submitted to the jury without any instructions, refusal to give two requests to charge did not, of itself, constitute reversible error, notwithstanding the requests were pertinent and might well have been given.[1]

2. SAME—JURISDICTION OF CIRCUIT COURT NOT RAISED ON TRIAL NOT CONSIDERED IN SUPREME COURT.

Whether, under 1 Comp. Laws 1915, § 4295 *et seq.*, the circuit court had jurisdiction to hear an appeal in condemnation proceedings, because the affidavit for appeal did not show the amount involved is $300, will not be considered by the Supreme Court, where the question of jurisdiction was not raised in the circuit court nor in counsel's assignment of error in the Supreme Court, and the evidence on the question of value was not treated as an important one and is not contained in the record.[2]

[1]Eminent Domain, 20 C. J. §§ 300, 408, 489; [2]Id., 20 C. J. §§ 476, 483.

Error to Lapeer; Williams (William B.), J. Submitted June 9, 1926. (Docket No. 27.) Decided October 4, 1926.

Emma C. Wood and others filed a petition with the highway commissioner of Elba township for the laying out of a public highway. The petition was denied, and she appealed to the township board. The petition was denied, and petitioner appealed to the circuit court. Judgment for petitioner. The township of Elba brings error. Affirmed.

*George W. Des Jardins,* for appellant.

*Herbert W. Smith,* for appellee.

BIRD, C. J. Emma C. Wood is the owner of 40 acres of land in Elba township, Lapeer county, which is under the waters of Lake Nepessing, except about two acres. . She has had no highway leading to it except as she used the private ways on either side of her. These ways were finally denied to her, and she presented a petition, signed by nine freeholders, to the highway commissioner for the laying out of a public highway from the highway south of her premises over the lands of Mrs. Nelson and Mrs. Mills to her premises and the lake. The commissioner, after a time, found that there was no necessity for the proposed highway and denied her petition. An appeal was taken to the township board, which made a like finding after a hearing. An appeal was then taken to the circuit court. In the circuit court the jury found a public necessity and assessed the damages as $40 to each of the women. The township felt aggrieved at this finding, and appeals to this court by writ of error.

1. Counsel for the township preferred two requests which were not given by the court:

"No. 9. You are further instructed that under the laws of this State the owner of landlocked premises

may petition for a private road which, if necessary, will be granted, but differs from the statute under which this petition was filed in that the petitioner instead of the township must bear the expense.

"No. 10. In determining the necessity for this public highway, you shall take into consideration that under the laws of this State all persons owning lots on the Mills farm have a way of necessity over the land between the lots and the public highway now existing."

Waiving the question as to whether appellant could remove the proceeding to this court by writ of error, counsel seems to consider the refusal of the court to give the requests the same as though it were a suit at law. These proceedings are special proceedings, and it is quite likely that no error would have been committed if the court had not instructed the jury at all. *Toledo, etc., R. Co.* v. *Dunlap,* 47 Mich. 456. In that case it was said:

"The proceedings to condemn lands, although made under the railroad laws subject to judicial review and supervision for certain purposes, are not in themselves and never have been regarded as judicial proceedings. Our Constitution allows them to be conducted by highway commissioners in some cases, and by specially-appointed commissioners or juries of freeholders. The inquiry in this State, as elsewhere, is an appraisal or estimate of values, and not a contest on litigious rights, and includes what is not elsewhere included, an inquiry into the necessity of the proposed taking for public purposes, which was never made by courts, but always heretofore by the legislature or some unjudicial body of its creation."

And, in *City of Detroit* v. *Hartwick,* 204 Mich. 635, we said:

"Under the practice, errors assigned in condemnation cases should not work a reversal of the finding of the jury unless it is made apparent that the verdict was materially affected by them."

While perhaps the requests proffered were pertinent, in a way, we do not think the failure to give them

should work a reversal of the case. The jurors came from the vicinity, and, doubtless, viewed the premises, if they were not already familiar with them, and they had the benefit of very full instructions by the court how to proceed to determine the question of necessity, and that was the only important question in the proceeding.

2. Complaint is made of the jurisdiction of the circuit court. These proceedings were launched under 1 Comp. Laws 1915, § 4295 *et seq.*, which provides:

"Any party or parties dissatisfied with the determination of such township board, either as to the value of the property taken or as to the determination upon the necessity for laying out, altering or discontinuing a highway, when the amount involved or damages claimed exceeds the sum of three hundred dollars, may appeal therefrom to the circuit court for the county in which such land is situated."

It is said that the affidavit for appeal does not show that the amount involved, or the amount claimed, is $300. The reason for this omission was doubtless due to the fact that the question of jurisdiction was not raised in the circuit court, nor in counsel's assignment of error in this court. The evidence on the question of value was not treated as an important one and is not contained in the record. Under these circumstances, we will not consider this question.

We think the award made by the jury should be affirmed. Costs will be allowed against the township.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.